UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF NORTH CAROLINA

TIANA SOVEREIGN STRONG,

Plaintiff

4712 Randleman Rd

Conover, NC 28613

FILED
Statesville, NC

FEB - 6 2026

Clerk, US District Court
Western District of NC

v.

WESTERN PIEDMONT COUNCIL OF GOVERNMENTS

REGIONAL HOUSING AUTHORITY (WPCOG),

Defendant

1880 2nd Avenue NW

Hickory, NC 28601

Civil Action No.: 5:26-cv-24-MEO

# COMPLAINT FOR DISABILITY DISCRIMINATION,

**FAILURE TO PROVIDE REASONABLE ACCOMMODATION**

AND RETALIATION

# I. INTRODUCTION

1. This is a civil rights action arising from Defendant's unlawful discrimination against Plaintiff and her disabled minor children in the administration of a federally funded Housing Choice Voucher Homeownership Program.
2. Defendant denied Plaintiff equal access to homeownership benefits by misapplying HUD regulations, excluding the Supplemental Security Income ("SSI") of Plaintiff's disabled children, refusing reasonable accommodations, and asserting unsupported claims of financial hardship as a pretext for denial.
3. Defendant's actions violate the Fair Housing Act ("FHA"), 42 U.S.C. § 3604(f); Section 504 of the Rehabilitation Act, 29 U.S.C. § 794; Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12132; and governing HUD regulations implementing these statutes.
4. As a direct and proximate result of Defendant's conduct, Plaintiff and her disabled children have been denied the opportunity to obtain stable, disability-appropriate housing through homeownership.

# II. JURISDICTION AND VENUE

5. This action arises under the Fair Housing Act, 42 U.S.C. § 3604(f), which prohibits discrimination in housing based on disability and requires reasonable accommodations.
6. This action also arises under Section 504 of the Rehabilitation Act, 29 U.S.C. § 794, which prohibits discrimination on the basis of disability in federally funded programs, and Title II of the ADA, 42 U.S.C. § 12131 et seq., which prohibits public entities from excluding qualified individuals with disabilities from participation in public programs.
7. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action presents federal questions.
8. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because Defendant operates within this district and the acts giving rise to this Complaint occurred within this district.

# III. PARTIES

9. Plaintiff, Tiana Sovereign Strong, is a resident of Catawba County, North Carolina and a participant in the Housing Choice Voucher Homeownership Program.
10. Plaintiff is the parent and legal guardian of four minor children, three of whom have documented disabilities and receive Supplemental Security Income ("SSI").

11. Defendant, Western Piedmont Council of Governments Regional Housing Authority ("WPCOG"), is a public housing authority that administers federally funded housing programs and is subject to the FHA, Section 504, the ADA, and HUD regulations.

## IV. FACTUAL BACKGROUND

### A. Longstanding Program Participation

12. Plaintiff has been an active participant in the Housing Choice Voucher Homeownership Program for approximately four years.
13. Nearly one year ago, Plaintiff's voucher was transferred from the now-abolished Hickory Public Housing Authority to WPCOG.
14. Despite this administrative transfer, the governing HUD program rules applicable to Plaintiff's participation did not change.
15. Nevertheless, Defendant improperly applied first-time entry eligibility requirements to Plaintiff—an existing program participant—thereby blocking her ability to purchase a home.
16. Plaintiff seeks to use her Homeownership Voucher to purchase a home that meets the disability-related needs of her children.
17. Defendant's misapplication of first-time eligibility rules and exclusion of disabled children's SSI income prevented Plaintiff from purchasing a home despite her being otherwise qualified.
18. Plaintiff meets all eligibility requirements for homeownership except those discriminatorily imposed through Defendant's refusal to follow HUD guidance and to accommodate disability-related needs.

### B. Exclusion of Disabled Children's Income

19. Beginning on or about December 8, 2025, Defendant excluded the SSI income of Plaintiff's three disabled children from homeownership eligibility calculations.
20. HUD regulations and guidance, including HUD Handbook 4350.3 and 24 C.F.R. § 982.201, require inclusion of household income, including SSI received by children with disabilities, for eligibility determinations.
21. Defendant's exclusion of this income directly affected Plaintiff due to the presence of disabled children in the household.

### C. Reasonable Accommodation Requests and Failure to Engage

22. On December 8, 2025, Plaintiff requested a reasonable accommodation to include her disabled children's SSI income for homeownership eligibility.
23. Defendant denied the request, asserting—without individualized analysis—that inclusion would constitute a "fundamental alteration."
24. On December 23, 2025, Defendant again denied inclusion of SSI income and improperly applied first-time eligibility requirements.
25. On January 1, 2026, Plaintiff submitted a second accommodation request seeking inclusion of SSI income and approval of a larger voucher unit.
26. Defendant approved the larger voucher unit but continued to deny Plaintiff eligibility for homeownership.
27. Defendant failed to engage in a meaningful interactive process to evaluate Plaintiff's accommodation requests and instead issued blanket denials without individualized assessment.

## D. Demand Letter and Final Agency Action

28. On January 20, 2026, Plaintiff submitted a written demand letter seeking compliance with federal law.
29. A meeting was scheduled for January 22, 2026. Plaintiff notified Defendant in advance that she could not attend due to experiencing chest pain and related health concerns.
30. On January 22, 2026, Defendant approved only a rental voucher, denied homeownership eligibility, and declared its decision final.

## E. Exhaustion of Remedies

31. Plaintiff sought relief through Legal Aid of North Carolina, Disability Rights North Carolina, HUD complaints, and Civil Rights Division complaints.
32. Plaintiff has exhausted all available administrative remedies.

## F. Pretext and Evidence of Discrimination

33. Defendant asserted undue financial hardship without conducting or providing any individualized analysis related to Plaintiff's request.
34. Defendant has publicly reported receipt of substantial HUD Housing Assistance Payments intended to administer and expand housing assistance.
35. Defendant's stated justification for denial is unsupported, inconsistent, and pretextual.

# V. INJURY TO PLAINTIFF

36. Plaintiff has been denied the ability to purchase a home and achieve housing stability.
37. Plaintiff has suffered emotional distress, anxiety, disrupted sleep, physical symptoms including chest pain and headaches, and interference with daily functioning.
38. Plaintiff's disabled children have been denied equal access to housing benefits and have suffered emotional and developmental harm.
39. Plaintiff has experienced financial harm, delays, and disruption in dealings with lenders and realtors.

# VI. ALLEGATIONS

40. Defendant discriminated against Plaintiff on the basis of disability.
41. Defendant failed to provide reasonable accommodations required by federal law.
42. Defendant failed to engage in a meaningful interactive process.
43. Defendant retaliated against Plaintiff after she asserted her federally protected rights by finalizing denial of homeownership eligibility and limiting her assistance to rental-only benefits.
44. Defendant's conduct was willful, knowing, and in reckless disregard of Plaintiff's federally protected rights.

# VII. CAUSES OF ACTION

**COUNT I – Fair Housing Act**

42 U.S.C. § 3604(f)

45. Defendant discriminated against Plaintiff by denying a housing-related benefit because of disability and by failing to make reasonable accommodations necessary for equal access.

**COUNT II – Section 504 of the Rehabilitation Act**

29 U.S.C. § 794

46. Defendant denied Plaintiff and her disabled children participation in and benefits of a federally funded program solely by reason of disability.

## COUNT III – Americans with Disabilities Act, Title II

42 U.S.C. § 12132

47. Defendant, a public entity, excluded Plaintiff from participation in a public program and denied benefits by reason of disability.

## COUNT IV – Retaliation

42 U.S.C. § 3617

48. Defendant retaliated against Plaintiff after she asserted her rights by issuing final denials and limiting housing assistance in a manner that would deter a reasonable person from exercising protected rights.

# VIII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court:

1. Declare Defendant's actions unlawful and discriminatory;
2. Order inclusion of disabled children's SSI income;
3. Order Defendant to permit homeownership use of Plaintiff's voucher;
4. Enjoin retaliation;
5. Award compensatory damages;
6. Award costs and attorney's fees;
7. Grant injunctive and declaratory relief;
8. Grant such other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all triable issues.

Respectfully submitted,

TIANA SOVEREIGN STRONG

Plaintiff, Pro Se    *Tiana Strong*